RAMÓN MONTANER, ETC., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent; and HEIRS OF BENITO SANTIAGO, Petitioner before the Commission.

No. 156. Argued December 19, 1938.—Decided January 23, 1939.

*B. Fernández García, Attorney-General, Emilio de Aldrey, Asst. Attorney-General,* and *Víctor J. Vidal González,* counsel the last for the State Insurance Fund, for petitioner; *M. León Parra,* for the Commission; *Manuel Rivera de la Vega,* for heirs of Santiago, petitioner before the Commission.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

The Manager of the State Insurance Fund seeks the reversal of an adverse decision by the Industrial Commission:

1. Because the act to which the death of Benito Santiago was attributed had been performed by him in the usual manner and involved the ordinary typical exertion incident to his work and he did not lose his life by reason of an accident within the meaning of that term as used in section 2 of the Workmen's Accident Compensation Act.

2. Because no causal connection between Santiago's death and his act was shown.

3. Because the death of an employee which occurs in the course of his employment and is caused by the performance of his ordinary duties, when there has been no accident, is not compensable.

The commission found that Santiago's death was caused by his performance of an act in the course of his employment. There was evidence tending to support this finding. There was evidence tending to show that the act in question usually required the combined strength of two or three men. Santiago attempted to perform it alone. While so engaged, he had a cerebral hemorrhage. Death ensued. There was evidence tending to show that an experienced workman could do without over-exertion what Santiago attempted to do and that Santiago was an experienced workman. There was no specific finding on this point. It is a fair inference from all the evidence, however, that Santiago's death was caused by an act which, given his physical condition at the time, amounted in his case to over-exertion. It follows, we think, that his death was due to an accident within the meaning

of section 2 of the Workmen's Accident Compensation Act. This is not the case of a workman who, while at work, is overtaken by death from natural causes or from any cause other than an unexpected fortuitous event the result of some act or function inherent in the work or employment.

The decision of the Industrial Commission must be affirmed.

Mr. Chief Justice Del Toro took no part in the decision of this case.